1 H. Larry Elam III (SBN 178836)
  LAW OFFICE OF H. LARRY ELAM III
2 2977 Ygnacio Valley Road, #267
  Walnut Creek, California 94598
3 Telephone: (925) 465-5151
  Facsimile: (925) 465-5152
4 larry@elamfirm.com

5 Attorneys for Plaintiff NORMAN JONES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN JONES,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>SCHNEIDER NATIONAL CARRIERS, INC. and DOES 1-25,<br><br>　　　　　Defendants. | CASE NO.: 5:12-cv-01421-SJO(OPx)<br><br>PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT<br><br>Date:　　January 28, 2013<br>Time:　　10:00 a.m.<br>Ctrm.:　　1 – 2nd Floor<br>Judge:　　Hon. S. James Otero |

TO THE HONORABLE COURT, DEFENDANT AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 28, 2013 at 10:00 a.m. in Courtroom 1, 2nd Floor of the above-captioned court, located at 312 North Spring Street, Los Angeles, California 90012, Plaintiff Norman Jones ("Plaintiff") will, and hereby does, move for an order permitting Plaintiff to amend his operative complaint and file a First Amended Complaint ("FAC"), a copy of which is attached as Exhibit A to the Declaration of H. Larry Elam III filed in support of Plaintiff's Motion for Leave to File First Amended Complaint ("Motion").

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Plaintiff seeks leave to make the following amendments to Plaintiffs Complaint, filed on July 17, 2012 in the Superior Court in the State of California, County of San Bernardino:

(1) Plaintiff seeks leave to add a cause of action of Race Discrimination in violation of California Government Code § 12940(a) against defendant Schneider National Carriers, Inc. ("Defendant");

(2) Plaintiff seeks leave to add a cause of action of Misrepresentation in violation of California Labor Code § 1050 *et seq.*; and

(3) Plaintiff seeks leave to delete his cause of action of Retaliation in violation of California Government Code § 12940(h).

Plaintiff's Motion is brought, without delay, without prejudice, in good faith, and for purposes of judicial efficiency.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3. Counsel for the parties met and conferred in an effort to resolve the matter of filing the proposed FAC informally. Counsel for the parties met and conferred beginning on November 16, 2012 and continued until December 4, 2012. Unfortunately, counsel for the parties could not reach an informal resolution.

This Motion is based on this Notice, the Memorandum of Points and Authorities in support thereof, the Declaration of H. Larry Elam III, filed concurrently, the proposed First Amended Complaint lodged concurrently, as well as any documents or oral argument presented at the time of the hearing.

Dated: December 5, 2012                     LAW OFFICE OF H. LARRY ELAM III

/s/ *H. Larry Elam*
H. Larry Elam III
Attorneys for Plaintiff NORMAN JONES

## PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HIS MOTION FOR LEAVE TO FILE HIS FIRST AMENDED COMPLAINT

Plaintiff Norman Jones ("Plaintiff") respectfully submits this memorandum of points and authorities in support of his Motion for Leave to File the First Amended Complaint.

### I. INTRODUCTION & SUMMARY OF THE FACTS

The underlying action relates to race discrimination suffered by the Plaintiff while in the employ of Defendant Schneider National Carriers, Inc. ("Defendant") and his wrongful termination in violation of public policy (e.g., race and participation in investigation involving wage and hour violations).

Plaintiff filed a complaint with the DFEH on July 19, 2011, as it concerned his wrongful termination from the Defendant's employ on July 26, 2010. Plaintiff received his Right-to-Sue Notice from the DFEH on July 19, 2011. Plaintiff filed his initial complaint against the Defendant on July 17, 2012, in the Superior Court of the State of California, County of San Bernardino alleging retaliation in violation of FEHA, and wrongful termination in violation of public policy violations. Plaintiff also attached his Department of Fair Employment and Housing ("DFEH") complaint and Right-to-Sue Notice to his initial complaint, which was incorporated into his complaint by reference. Defendant removed Plaintiff's complaint to this Court on or about August 23, 2012, on the basis of diversity jurisdiction.

After conferring with counsel for the Defendant, it became clear that Plaintiff's retaliation claim was not properly pled based on the facts. Accordingly, Plaintiff now seeks to amend his complaint to include and additional cause of action (e.g., race discrimination) that is consistent with the complaint he filed with the DFEH, to further refine his claim that he is being prevented from finding work because of the false information contained on his DAC report (a DAC report is a detailed summary of a trucker's work history in the trucking industry); and to delete his retaliation cause of action.

Defendant will not be prejudiced in any manner because trial is nearly eight months away and discovery remains open until May 20, 2013. The parties have completed their initial

disclosures; however, no written discovery has been propounded. In fact, Plaintiff has not been deposed as yet nor has any depositions been noticed to date.

Plaintiff seeks leave of this Court to file a proposed FAC which simply does the following:

- Add a race discrimination cause of action under California Government Code § 12940(a)
- Add a misrepresentation cause of action under California Labor Code § 1050, *et seq*.
- Delete the retaliation cause of action under California Government Code § 12940(j)

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave shall be freely given when justice so requires. Rule 15(a) codifies a liberal approach to the amendment of pleadings to promote a policy of deciding cases on the merits, instead of on technicalities. The Court should grant Plaintiff's Motion as it is brought in good faith, without delay, without futility, and the Defendant is not prejudiced. The FAC eliminates a cause of action, adds two causes of action, and adds more detailed factual allegations. (*See* FAC ¶¶ 16-20, 23-29.)

The FAC is necessary for Plaintiff to adequately litigate his claim against the Defendant. Plaintiff's proposed FAC is true to his DFEH complaint and Right-To-Sue notice; therefore, Plaintiffs proposed amendment will not in unduly prejudice the Defendant.

For these reasons and as set forth in greater particularity below, Plaintiff respectfully requests that the Court grant Plaintiff leave to file the FAC.

## II.  PLAINTIFF'S EFFORTS TO MEET AND CONFER REGARDING AMENDMENTS

This Motion is made following the conference of counsel pursuant to Local Rule 7-3. On November 5, 2012, after the Scheduling Conference, counsel for the parties met and conferred regarding Plaintiff's complaint, specifically, regarding the viability of Plaintiff's retaliation claim. Thereafter, on November 16, counsel for the Defendant mailed a more detailed letter identifying points and authorities that convince counsel for Plaintiff that based on the facts, Plaintiff's retaliation was defective. Thereafter, counsel for Plaintiff conferred with the Plaintiff and questioned him further regarding his employment with the Defendant and the factual circumstances that led to his discharge. Based on Plaintiff's Department of Fair Employment and Housing DFEH

complaint and further discussion it was agreed that the retaliation claim would be omitted and a race discrimination and misrepresentation claim would be added, hence the proposed amendment (Declaration of H. Larry Elam ["Elam Decl."] at ¶¶ 4-8.)

On November 29, 2012, counsel for Plaintiff sent an email to counsel for Defendant and informed him that Plaintiff would be amending his complaint. Counsel for Defendant responded on November 30, 2012, and requested a copy of the proposed amended complaint so that he could speak with his client regarding a possible stipulation.

On December 3 and 4, 2012, counsel for Plaintiff e-mailed counsel for Defendant to learn whether Defendant would stipulate to the amended complaint or it if planned to oppose this instant motion. Defendant has denied Plaintiff's request to enter into a stipulation to allow Plaintiff to file an amended Complaint and has indicated that the Defendant will oppose Plaintiff's Motion seeking leave to amend the complaint. (Elam Decl. ¶¶ 7-8.)

### III. STATEMENT OF ISSUES TO BE DECIDED

A. Whether, pursuant to the Federal Rules of Civil Procedure (FRCP) Rule 15(a)(2) justice requires that this motion be granted, noting that such leave should be "freely given when justice so requires."

B. Whether, pursuant to FRCP Rule 15(c) (1)(B), Plaintiff's proposed amendments "relate back" to Plaintiff's original Complaint such that the amendments "assert a claim or defense that arose out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading" so as to permit these amendments outside of the statute of limitations and are such that Defendants will suffer no prejudice by the filing of Plaintiff's FAC.

C. Whether leave to amend should be granted pursuant to FRCP Rule 15(c)(1)(C) because the Defendant received such notice of the action in the DFEH Complaint that they will not be prejudiced in defending this lawsuit on the merits.

D. Whether Defendants can make a showing that amending the Complaint, as proposed herein, would be "futile" and/or is proposed herein in "bad faith" or as a "dilatory tactic."

E. Whether Defendant can make a showing that amending the Complaint as proposed herein, would be "prejudicial."

IV.    **FACTUAL STATEMENT**

Plaintiff was a truck driver employed by the Defendant for over two years, from June 2008 until July 26, 2010. As a truck driver, Plaintiff would drive trucks and deliver cargo where he was instructed by the Defendant. Plaintiff believes that his employment with the Defendant was tenuous at best because of his race and one specific incident involving an investigation into a class action lawsuit filed against the Defendant. On July 18, 2010, Plaintiff was told to speak with an attorney regarding a class action lawsuit involving current and former employees. Plaintiff was not involved in the lawsuit because he feared that his involvement would jeopardize his employment. Plaintiff was attempting to save his home that was at or near the point of foreclosure. In any event, he did was he was told and went to meet with the lawyer. He was asked questions regarding wage and hour policies, meal and rest periods and discrimination and harassment claims. However, because he feared that if he answered questions truthfully he would be jeopardizing his job, Plaintiff declined to continue to speak with the lawyer and ended the meeting. Two days later (on July 20, 2012), he was told to submit to a drug test. He did so and was notified that he had tested positive for marijuana. Plaintiff knew this was false and later found out that he had been prescribed medication to treat nausea during his recent bout with pneumonia. This prescription drug turned out to be a synthetic form of THC, the active ingredient in marijuana. Plaintiff contacted his physician and requested that his physician clear up this misunderstanding with his employer. An explanation was submitted by Plaintiff's physician alerting the Defendant that Plaintiff's positive drug test was caused by a prescription drug and requested that Plaintiff be allowed to retest. Instead of allowing Plaintiff to retest, he was terminated.

Plaintiff seeks herein to delete his first cause of action for Retaliation pursuant to FEHA, and to add causes of action for Race Discrimination pursuant to FEHA and Misrepresentation in violation of California Labor Code § 1050 *et seq.* Plaintiff also seeks to amend his Wrongful Termination in Violation of Public Policy cause of action to state a cause of action based on Plaintiff's race and participating in an investigation regarding wage and hour laws.

Trial is set for August 20, 2013. Discovery remains open until May 20, 2013. Plaintiff has not been deposed as yet.

## V.     ARGUMENT

### A.     A POLICY OF LIBERALLY GRANTING LEAVE TO AMEND UNDERLIES RULE 15

Rule 15(a) of the Federal Rules of Civil Procedure provides that "leave [to amend pleadings] shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). Leave to amend lies within the sound discretion of the trial court, which "must be guided by the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir.1981). Thus, Rule 15's policy of favoring amendments to pleadings should be applied with "extreme liberality." *Id.* (citation omitted); see *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir.1989). "Although leave to amend is liberally granted under Rule 15(a), undue delay, bad faith in seeking amendment, or undue prejudice to the party opposing amendment are grounds for denying leave to amend." *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir.1986). In addition, the futility of amendment and the previous granting of leave to amend may be considered by the Court in deciding whether to allow further amendments. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir.2004). Courts have held that " '[t]he single most important factor is whether prejudice will result to the nonmovant.' " *Genentech, Inc. v. Abbot Labs.*, 127 F.R.D. 529, 530 (N.D.Cal.1989) (quoting *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (Fed.Cir.1986)); see also *In re Circuit Breaker Litig.*, 175 F.R.D. 547, 551 (C.D.Cal.1997) ("[T]he resulting prejudice to the opposing party is by far the most important and most common reason for upholding a district court's decision to deny leave to amend. The opposing party has the burden of demonstrating prejudice.")

### B.     SCHNEIDER WILL NOT SUFFER ANY PREJUDICE

"Prejudice typically arises where the opposing party is surprised with new allegations which require more discovery or will otherwise delay resolution of the case." *Wehlage v. EmpRes Healthcare Inc.*, No. C 10-5839 CW, 2012 U.S. Dist. LEXIS 14157, 2012 WL 380364, at *2 (N.D. Cal. Feb. 6, 2012) (citing *Acri*, 781 F.2d at 1398-99). " 'Undue prejudice' means substantial prejudice or substantial negative effect; the Ninth Circuit has found such substantial prejudice where the claims sought to be added 'would have greatly altered the nature of the litigation and

- 7 -

PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

would have required defendants to have undertaken, at a late hour, an entirely new course of defense.'" *SAES Getters S.p.A v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990)). The burden of showing prejudice is on the party opposing an amendment to the complaint. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987); *Beeck v. Aquaslide 'N' Dive Corp.*, 562 F.2d 537, 540 (9th Cir.1977). There is a presumption under Rule 15(a) in favor of granting leave to amend where prejudice is not shown. *Eminence Capital*, 316 F.3d at 1052

In *Genentech, Inc. v. Abbott Laboratories*, 127 F.R.D. 529, 530 - 531 (N.D.Cal., 1989) Judge Patel confirmed that prejudice is the most important of the *Foman* factors and that the non-moving party (i.e., Schneider here) bears the burden of proving prejudice. 'The single most important factor is whether prejudice would result to the nonmovant'. . .   Furthermore, since Rule 15 favors a liberal policy towards amendment, the nonmoving party bears the burden of demonstrating why leave to amend should not be granted"(quoting *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (Fed.Cir.1986)).

The Ninth Circuit has found undue prejudice where "the claims sought to be added 'would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense." *SAES Getters S.P.A.*, at 1086. Plaintiff's proposed FAC does not change the nature of the case and does not require the Defendant to undertake an entirely new course of defense. (See Elam Decl. ¶¶ 5-6.)  Discovery has just commenced.  No depositions have been notices to date.  This is not a case on the eve of trial. Simply put, the Defendant will not be prejudiced in any way by the filing of the FAC.

      C.    **NONE OF THE OTHER *FOMAN* FACTORS WARRANT THE DENIAL OF LEAVE TO AMEND**

None of the remaining factors that the Supreme Court identified in *Foman v. Davis*, 371 U.S. 178, 83 S. Ct. 227 (1962) - undue delay, bad faith, failure to cure and futility of amendment - exist in this case. These factors, moreover, are to be applied with a view toward "the strong policy in favor of allowing amendment[s]." *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994).

1. **Plaintiff's Has Not Unduly Delayed To Amend His Complaint.**

The first factor of whether an amendment will cause "undue delay" is not an issue. Because discovery has really yet to begin, an amended complaint will not delay this action in any way. Instead, it promotes judicial economy by allowing Plaintiff to voluntarily address some of the issues that would have been posed by a motion to dismiss now rather than potentially after a hearing on the motion to dismiss down the road. By contrast, where a court has found that a party unduly delayed in seeking leave to amend, the delay has been of great magnitude and has occurred under starkly different facts. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (where, after dismissal of the original complaint, plaintiff sought to amend nearly two years after filing of the original complaint and the amendment would have changed the nature of the suit); *Loehr v. Ventura County Cmty. Coll. Dist.*, 743 F.2d 1310, 1320 (9th Cir. 1984) (plaintiff wished to add seven pendent state law claims, three new federal claims, two additional defendants, and new allegations arising from the defendant's defense of a preliminary injunction motion).

2. **Plaintiff's FAC Is Proposed In Good Faith.**

The second factor of "bad faith or dilatory motive" also is not at play here. A party acts in bad faith where, for example, "the plaintiff merely is seeking to prolong the litigation by adding new but baseless legal theories," *see Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 881 (9th Cir. 1999) (citations omitted), or where plaintiffs attempt to use an amendment to change the nature or venue of the case, *see Sorosky v. Burroughs Corp.*, 826 F.2d 794, 805 (9th Cir. 1987). There is nothing in this case that could support such a finding. The legal theories contained in the FAC (generally race discrimination) are no different than those in the original Complaint that contained Plaintiff's DFEH complaint, which was incorporated by reference. The sole purpose behind the FAC is to more effectively and efficiently convey Plaintiffs' legal theories. Plaintiff's amendment has not been interposed for delay, or to defeat the Court's jurisdiction, but rather to clarify and refine his theories of liability to prove that he was terminated for reasons that contravene California law and public policy.

3. <u>**This Is Plaintiff's First Request To Amend The Complaint**</u>.

The third *Foman* factor "repeated failure to cure deficiencies by amendments previously allowed," actually highlights why leave to amend should be granted. As mentioned above, plaintiff has not amended his complaint once in this court or any other court and never in response to a challenge. This is the first time Plaintiff has requested leave so as to address issues raised by the defendant.

4. <u>**The Proposed New Claims Are Valid And Discovery Has Yet To Begin**</u>.

Finally, the remaining *Foman* factor of "futility of the amendment" likewise does not apply as the FAC is hardly futile. "[A]n amendment is 'futile' only if it would clearly be subject to dismissal." *SAES Getters S.P.A.*, at 1086 (citing *DCD Programs, Ltd.*, at 188; *Moore v. Kayport Package Express*, 885 F.2d 531, 542 (9th Cir. 1989)). "While courts will determine the legal sufficiency of a proposed amendment using the same standard as applied on a Rule 12(b)(6) motion, see *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988), such issues are often more appropriately raised in a motion to dismiss rather than in an opposition to a motion for leave to amend." *Id*.

Before discovery is complete, a proposed amendment is "futile" only if no set of facts can be proved under the amendment that would constitute a valid claim or defense. *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Here, discovery has yet to really begin, the proposed amendments add substantial and substantive factual detail to support Plaintiff's legal theories. The facts pleaded in the proposed TAC sufficiently state claims for relief and no statutes of limitation bar the amendments. Plaintiffs proposed amendments are not futile.

## VI. CONCLUSION

Plaintiff respectfully requests that the Court grant Plaintiff leave to file the FAC and deem the FAC filed and served upon the granting of this Motion, or for any other relief that Court deems just and proper.

Dated: December 5, 2012     LAW OFFICE OF H. LARRY ELAM III

/s/ H. Larry Elam
H. Larry Elam III
Attorneys for Plaintiff NORMAN JONES