H. Larry Elam III (SBN 178836)
LAW OFFICE OF H. LARRY ELAM III
2977 Ygnacio Valley Road, #267
Walnut Creek, California 94598
Telephone: (925) 465-5151
Facsimile: (925) 465-5152
larry@elamfirm.com

Attorneys for Plaintiff NORMAN JONES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN JONES, | **CASE NO.: 5:12-cv-01421-SJO(OPx)** |
| Plaintiff, | **DECLARATION OF H. LARRY ELAM III IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** |
| v. | |
| SCHNEIDER NATIONAL CARRIERS, INC. and DOES 1-25, | Date: **January 28, 2013** |
| Defendants. | Time: **10:00 a.m.** |
| | Ctrm.: **1 – 2nd Floor** |
| | Judge: **Hon. S. James Otero** |

I, H. Larry Elam III, declare,

1.       I am an attorney admitted to the Bar of the State of California. I am the sole proprietor of the Law Offices of H. Larry Elam III, counsel for Plaintiff Norman Jones ("Plaintiff") in this action. Unless otherwise indicated, I have personal knowledge of the following facts, and if called as a witness, I could and would testify competently to them. I submit this declaration in support of Plaintiff's Motion for Leave to File First Amended Complaint.

2.       Attached as Exhibit A is a copy of Plaintiff's [Proposed] First Amended Complaint ("FAC").

3.       Plaintiff's proposed TAC makes the following amendments:

- 1 -
**ELAM DECLARATION IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

1           a.      Add a race discrimination cause of action under California Government Code

2 § 12940(a);

3           b.      Add a misrepresentation cause of action under California Labor Code § 1050,

4 *et seq*.; and

5           c.      Delete the retaliation cause of action under California Government Code §

6 12940(j)

7     4.     Pursuant to the requirements of Local Rule 7-3 the parties engaged in meet and

8 confer efforts to informally resolve the issue of Plaintiff wanting to file his FAC. On November 5,

9 2012, after the Scheduling Conference, counsel for the Defendant informed me of the possibility of

10 filing a FRCP 12(c) motion regarding Plaintiff's retaliation cause of action, stating that participating

11 in an investigation regarding alleged wage and hour violations would not be protected activity

12 under FEHA. Soon thereafter, on November 16, counsel for the Defendant mailed a more detailed

13 letter identifying points and authorities regarding the alleged deficiencies in Plaintiff's retaliation

14 claim.

15     5.     In addition to my legal research regarding the retaliation claim, I contacted Plaintiff

16 to discuss the factual background of his case. Plaintiff's spouse is an over-the-road long distance

17 truck driver and they both live currently in Tulsa, Oklahoma. Because of the nature of her

18 employment, my contact with the Plaintiff has been a challenge.

19     6.     After having read and considered counsel for the defendant's comments and

20 conferring with Plaintiff and reviewing the original complaint, Plaintiff has decided to amend his

21 complaint by deleting the retaliation claim and adding additional claims that would be consistent

22 with the complaint he filed with the Department of Fair Employment and Housing ("DFEH"), and

23 to further refine Plaintiff's claim that he is being prevented from finding work because of the false

24 information contained on his DAC report (a DAC report is a detailed summary of a trucker's work

25 history in the trucking industry). See Exhibit A attached to FAC.

26     7.     On November 29, 2012, I sent an email to counsel for Defendant and informed him

27 that Plaintiff would be amending his complaint. Counsel for Defendant responded on November

28

1  30, and requested a copy of the proposed amended complaint so that he could speak with his client

2  regarding a possible stipulation. I e-mailed counsel for Defendant a copy of the FAC on this date.

3      8.     On December 3 and 4, 2012, counsel for the parties continued their "meet and

4  confer" efforts regarding the new causes of action and were unable to reach an informal resolution.

5  Counsel for the defendant rejected the request to stipulate to the proposed amendments.

6      9.     Plaintiff has not proffered the proposed FAC in bad faith or in an effort to delay this

7  matter. The parties have completed their initial disclosures. Because of the holidays, no discovery

8  had been propounded or noticed. This case is in its early stages. If there ever is a time to amend a

9  complaint now would be the most efficient and opportune time.

10      I declare under penalty of perjury under the laws of the United States of America that the

11  foregoing is true and correct. Executed December 5, 2012, at Walnut Creek, California.

12

13

14                             /s/ *H. Larry Elam*
                           H. Larry Elam III

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ELAM DECLARATION IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

# EXHIBIT A

1  H. Larry Elam III (SBN 178836)
   LAW OFFICE OF H. LARRY ELAM III
2  2977 Ygnacio Valley Road, #267
   Walnut Creek, California 94598
3  Telephone: (925) 465-5151
   Facsimile: (925) 465-5152
4  larry@elamfirm.com

5  Attorneys for Plaintiff NORMAN JONES

6

7

8                    UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10

11 NORMAN JONES,                        CASE NO.: 5:12-cv-01421-SJO(OPx)

12              Plaintiff,              FIRST AMENDED COMPLAINT FOR:

13                                      1.  RACE DISCRIMINATION IN
        v.                                  VIOLATION GOVERNMENT CODE §
14                                          12940(a);
   SCHNEIDER NATIONAL CARRIERS,        2.  WRONGFUL TERMINATION IN
15 INC. and DOES 1-25,                      VIOLATION OF PUBLIC POLICY
                                        3.  INTENTIONAL
16              Defendants.                 MISREPRESENTATION IN
17                                          VIOLATION OF LABOR CODE § 1050
                                            et seq.
18

19

20      Plaintiff NORMAN JONES ("Plaintiff" or "MR. JONES"), allege as follows:

21                            **INTRODUCTION**

22      1.      MR. JONES, a former employee of Defendant SCHNEIDER NATIONAL

23 CARRIERS, INC. (hereinafter "SCHNEIDER" or "Defendant"), was at all times mentioned herein

24 employed within the County of San Bernardino, California, employed as a truck driver.

25      2.      Mr. JONES alleges that during the course of his employment with SCHNEIDER, he

26 was subjected to a continuous pattern of discriminatory treatment, retaliatory actions, and

27 harassment encompassing deprivation of driving opportunities, having to meet a higher standard of

28 performance than Caucasian employees, and disparate treatment.

3.     SCHNEIDER maintained, and failed to redress, the discriminatory and hostile work environment caused by its supervisors and managers.

4.     Said actions have caused and will continue to cause MR. JONES to suffer damages, injuries and losses, including, but not limited to, loss of earnings, legal costs and attorney's fees, humiliation, loss of enjoyment of life, and emotional distress associated with the continued loss of employment.

### JURISDICTION AND VENUE

4.     Subject matter jurisdiction is conferred upon this Court under Title 28 U.S.C. § 1332.

5.     Venue is proper for all claims under Title 28 U.S.C. § 1391 (b)(2) in that a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

6.     This matter was removed from the Superior Court of the State of California  in and for the County of San Bernardino under 28 U.S.C. §§ 1441(b) and 1446 on August 24, 2012.  Prior to removal, Defendant filed an answer in the state court on August 22, 2012.

### PARTIES

7.     At all times herein mentioned, MR. JONES was and is an individual citizen of the State of California.

8.     SCNHEIDER is a Nevada Corporation doing business at 14392 Valley Blvd., Fontana, California, and an "employer" under FEHA.

### DOE DEFENDANTS

9.     The true names or capacities whether individual, corporate, associate or otherwise, of Defendants DOES 1 through 25, inclusive, and each of them, are unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names. Plaintiffs will seek leave of court to insert their true names or capacities when they are ascertained.  DOE Defendants 1 through 25 will hereinafter collectively be known as "Defendants."

10.     Plaintiff is informed and believes and thereon alleges that each of these fictitiously named defendants are responsible in some manner for the acts, omissions and/or occurrences herein

1   alleged, and that Plaintiff's injuries as herein alleged were also proximately caused by these

2   fictitiously named defendants.

3       11.    Plaintiff is informed and believes and thereon alleges that each of the defendants

4   herein designated as a DOE are consciously, willfully, intentionally, knowingly, recklessly, or is

5   otherwise tortuously or legally responsible in some manner for the events and happenings referred

6   to herein and consciously, willfully, intentionally, knowingly, recklessly or otherwise tortuously

7   caused the injuries and damages proximately thereby to Plaintiff as hereinafter alleged, either

8   through each said defendant's own conduct, or through the conduct of each of their agents, servants

9   or employees.

10      12.    At all relevant times mentioned herein, each of the defendants was an agent, servant

11  and/or employee of each of the remaining defendants, and each of the defendants was at all times

12  mentioned herein acting within the time, purpose and/or scope of said agency and/or employment,

13  and acting with the express and/or implied knowledge, permission and/or consent of each of the

14  remaining defendants, and each of the defendants approved and/or ratified the discriminatory acts

15  and/or omissions and/or conduct alleged herein.  Each of the defendants, either by themselves, or at

16  their direction through the actions or omissions of their agents, servants and/or employees, either

17  participated in the discriminatory acts and/or omissions and/or conduct alleged herein, and/or knew

18  of the discriminatory acts and/or omissions and/or conduct alleged herein, and failed to take

19  corrective action.

20      13.    Reference to actions or conduct of "Defendants and each of them" or to "Defendant"

21  shall include the singular and plural and shall include all Defendants in this action, whether named

22  or designated as a DOE.  Reference to any singular Defendant shall include all DOE Defendants to

23  which the facts later are shown to apply.

24      14.    Plaintiff has exhausted all of his administrative remedies. Plaintiff's claim was filed

25  with the Department of Fair Employment and Housing (DFEH) on or about July 19, 2011.  True

26  and correct copies of the DFEH complaint and Right-to-Sue Notice are attached hereto as **Exhibit**

27  **A**, and incorporated herein by this reference.

28

FIRST AMENDED COMPLAINT FOR MONETARY DAMAGES

1

## FACTS COMMON TO ALL CAUSES OF ACTION

2      15.      MR. JONES began working for SCHNEIDER as an over-the-road driver in

3   approximately June 2008.

4      16.      Since (at least) 2008, SCNEIDER has engaged in racially-motivated and

5   discriminatory acts against minority drivers, including MR. JONES.

6      17.      SCHNEIDER, through its supervisors and managers favored Caucasian drivers over

7   African-American drivers.  Supervisors and manager would use race to determine who would be

8   given routes or who would be allowed to work.  Caucasian drivers were given preference in terms

9   of being given work and African-American drivers were made to wait around in the hopes of

10  getting work.

11     18.      Throughout his employment with SCHNEIDER, MR. JONES worked in an

12  environment where he was required to do what he was told no matter if what he was told was

13  illegal.  He was required to drive in excess of Department of Transportation regulation.  He was not

14  given appropriate rest periods per miles or hours driven.  Because of the preference given to

15  Caucasian drivers, he and other African-American drivers felt forced to take any load offered for

16  fear that refusal would totally eliminate them from getting future work.

17     19.      MR. JONES never complained about the discrimination because he and other

18  African-American employees believed that if they complained about the preferential treatment

19  given Caucasian drivers, or the requirements that they work in contravention of various regulations

20  that regulated their industry, they would either be terminated or denied the opportunity to work.

21     20.      On July 18, 2010, MR. JONES was called  into the office  after completing a load

22  assignment, upon arriving at  the  yard, an employee named Crystal stop him and  stated  a lawyer

23  needed to  talk to  him about  a lawsuit against SCHNEIDER.  After a brief conversation, Crystal

24  directed MR. JONES to the office to speak with the lawyer.

25     21.      The lawyer asked MR. JONES if he would agree to be deposed.  The lawyer asked

26  him questions regarding a lawsuit brought by current drivers employed by SCHNEIDER alleging

27  racial discrimination, harassment, payment of improper wages, denial of meal and/or rest periods

28  and improper wage statements.  The lawyer asked MR. JONES if he wanted to be part of the

lawsuit or opt out of the lawsuit.  At this point MR. JONES felt that he was endangering his employment with SCHNEIDER by continuing to speak with the lawyer, so he chose not to continue the discussion.

22.     MR. JONES left the office and proceeded to his car, as his duty assignment was complete for the day.  Crystal stopped MR. JONES again and asked why he did not agree to continue to talk with the lawyer.  MR. JONES told her that he felt he would be fired if he continued to talk with the lawyer or voiced his agree with the allegations made by the truck drivers who were parties to the litigation.

23.     Thereafter, Jim, MR. JONES' manager, began to treat him even more harshly than he had been treating him before.  MR. JONES believed that this increased animosity was the result of his interaction with the lawyer he spoke to in July 2010.

24.     On July 20, 2010, MR. JONES was selected to be drug tested by his employer.  He submitted to the test.  Soon thereafter, he was notified that he had failed the drug test, which detected the presence of marijuana.  MR. JONES was perplexed as to how he tested positive for marijuana and in speaking with his physician, he became aware that a drug he had been prescribed two weeks earlier was responsible for the positive drug test.

25.     MR. JONES informed his employer that he had been unknowingly prescribed a drug to treat him for nausea that would give a false positive for marijuana use.  Unbeknownst to MR. JONES the drug "Dronabinol" is a synthetic form of marijuana.  MR. JONES was not told by his physician that this was the case or he would never have taken it.

26.     On August 2, 2010, MR. JONES' physician forwarded a note to SCHNEIDER informing them that he had prescribed Dronabinol to MR. JONES for nausea and that it was the Dronabinol that was responsible for MR. JONES' positive drug test.  MR. JONES physician requested that MR. JONES be allowed to repeat the test.  MR. JONES was not given this opportunity.

27.     MR. JONES was terminated on or about July 27, 2010, for testing positive for marijuana despite the fact that SCHNEIDER knew that the positive test result was caused by

1  medication prescribed to MR. JONES by his physician and that the medication was a synthetic form
2  of marijuana.

3      28.    SCNEIDER reported this false-positive on MR. JONES DAC employment report,
4  which is a detailed summary of a trucker's work history in the trucking industry.  Most trucking
5  companies today participate in sharing this information about truckers.  The DAC employment
6  report contains items such as number of accidents, reasons for quitting or why they were fired, if
7  they are eligible for re-hire, type of driving, commodities hauled, types of trailers pulled and much
8  more.

9      29.    MR. JONES believes that he was not terminated for the false- positive test result, but
10  rather he was terminated for speaking with the lawyer about a lawsuit against SCHNEIDER
11  involving race discrimination, harassment and violation of California's wage and hour laws.

12      30.    Since being terminated MR. JONES ability to gain employment with other trucking
13  companies has been thwarted as his DAC report inaccurately shows that he have tested positive for
14  an illegal substance and that he was terminated by SCHNEIDER because of the test results.  MR.
15  JONES has repeatedly asked SCHNEIDER, verbally and in writing, to remove the inaccurate
16  information from his DAC report, but SCHNEIDER has repeatedly refused to remove the
17  inaccurate information from his DAC report.

18      31.    The unlawful employment practices complained of above were and are intentional.

19      32.    The unlawful employment practices complained of above were and are done with
20  malice and with reckless indifference to MR. JONES' rights.

21                              **FIRST CAUSE OF ACTION**

22                    **[RACE DISCRIMINATION IN VIOLATION OF FEHA]**

23                        **(AGAINST SCHNEIDER AND DOES 1-25)**

24      33.    PLAINTIFF incorporates the above paragraphs as if they were fully set forth herein.

25      34.    DEFENDANTS SCHNEIDER and DOES 1 through 25, and/or their agents, are
26  entities subject to suit for unlawful retaliation under the California Fair Employment and Housing
27  Act, California Government Code § 12940, *et seq*.

28      35.    MR. JONES is a member of a protected class (African American), performed to his

1   employer's expectations, and suffered adverse employment actions which negatively affected his
2   compensation, terms, conditions, and privileges of employment. Based on its racist attitude,
3   SCHNEIDER treated MR. JONES less favorably than non-African-American drivers.

4       36.     Motivated by racial animus, SCHNEIDER engaged in discriminatory actions against
5   MR. JONES as described above. SCHNEIDER subjected him to unwarranted scrutiny and treated
6   him less favorably because of his race. None of the above-listed acts were done by SCHNEIDER,
7   if at all, with the same force and effect to MR. JONES' Caucasian colleagues.

8       37.     Motivated by racial animus, SCHNEIDER gave Caucasian drivers preference over
9   African-American drivers in regards to work, routes, and adherence to Department of
10  Transportation regulations, while treating MR. JONES and other African-American drivers
11  disparately.

12      38.     MR. JONES is a member of a protected class (African-American). He performed to
13  his employer's expectations, and suffered adverse employment actions which negatively affected
14  his compensation, terms, conditions, and privileges of employment. Based on the racist attitude
15  that pervaded the work environment, SCHNEIDER treated MR. JONES less favorably than
16  Caucasian drivers.

17      39.     As a direct and proximate result of SCHNEIDER'S discriminatory acts, MR. JONES
18  has suffered loss of hours and pay, loss of employment benefits and opportunities, loss of dignity,
19  loss of opportunity for work, and emotional distress to the degree suffered by the loss of
20  employment.

21      40.     SCHNEIDER'S committed the acts alleged herein maliciously, oppressively, in bad
22  faith, and with the wrongful intention of injuring Plaintiffs, from an improper and evil motive
23  amounting to malice, in conscious or reckless disregard of their rights thus warranting an award of
24  punitive damages against each individual defendant in an amount adequate to punish the
25  wrongdoers and deter future misconduct.

26      41.     SCHNEIDER'S action have caused and continue to cause Plaintiff substantial losses
27  in earnings, significant reputation and professional injury, and other employment benefits, lost
28  wages, attorney's fees, future earnings and benefits, costs of suit, and anguish, in amounts to be

1 || proven at trial.

2 ||     WHEREFORE, PLAINTIFF prays for judgment as more fully set forth below.

3 ||                     **SECOND CAUSE OF ACTION**

4 ||     **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

5 ||                     **(AGAINST SCHNEIDER AND DOES 1-25)**

6 ||     42.    PLAINTIFF incorporates the above paragraphs as if they were fully set forth herein.

7 ||     43.    DEFENDANT SCHNEIDER and DOES 1 through 25 terminated PLAINTIFF'S

8 || employment illegally or, alternatively, as a result of Plaintiff's protected activities as described

9 || above.

10 ||     44.    PLAINTIFF'S employment was terminated, at least in part, in violation of

11 || fundamental public policies of the state of California, including, without limitation the right to

12 || protections against unlawful discrimination, as set forth in California Government Code.

13 ||     45.    PLAINTIFF'S employment was also terminated, at least in part, in violation of the

14 || fundamental public policies of the State of California, including, without limitation, the right to be

15 || free from racial harassment, discrimination and to be free to obtain employment after termination.

16 || Each of these fundamental public policies inures to the benefit of the public, and not just the private

17 || interests of the employer and employee.

18 ||     46.    As set forth above, the actions by DEFENDANTS, and each of them, were wrongful

19 || and in violation of the fundamental principles of the public policy of the State of California as

20 || reflected in its laws, objectives and policies.  These laws, which establish these fundamental public

21 || policies include, without limitation and merely by way of example, California Government Code §

22 || 12940, *et seq*., California Civil Code § 51.7, California Labor Code § 1050, *et seq*.  These

23 || California statutes are not the entire universe of statutes that embody the public policies at issue

24 || here, but are merely representative and illustrative examples of such statutes and Plaintiff expressly

25 || reserves the right to rely on and assert other statutes that embody these same or similar public

26 || policies as the basis for this claim.

27 ||     47.    The foregoing conduct engaged in, authorized and ratified by DEFENDANT

28 || SCHNEIDER and DOES 1 through 25, and each of their directors, officers and/or managing agents,

1  constitutes malice, fraud and oppression and was carried on with a conscious and willful disregard

2  of Plaintiff's right not to be terminated for reasons that violate fundamental public policy.  Plaintiff

3  is therefore entitled to an award of punitive damages.

4       48.    As a direct and proximate result of the aforementioned acts and omissions of

5  DEFENDANTS, MR. JONES has suffered economic damages, including but not limited to a

6  reduction in past and current income and fringe benefits, a reduction in future income and income

7  potential and a reduction in future fringe benefits, and will continue to so suffer in the future, in an

8  amount to be proven at trial; and has suffered general damages, in an amount to be proven at trial.

9       WHEREFORE, PLAINTIFF prays for judgment as more fully set forth below.

10  ### THIRD CAUSE OF ACTION

11  ### INTENTIONAL MISREPRESENTATION

12  ### IN VIOLATION OF LABOR CODE SECTION 1050 *et. seq.*

13  ### (AGAINST SCHNEIDER AND DOES 1-25)

14       49.    PLAINTIFF incorporates the above paragraphs as if they were fully set forth herein.

15       50.    At all times relevant to this complaint, California Labor Code Sections 1050 *et. seq.*

16  was in full force and effect. Under Labor Code § 1050 et. seq., an employer shall not, after having

17  discharged an employee, attempt to prevent the former employee from obtaining employment.

18       51.    On July 26, 2010, Mr. JONES was terminated by SCHNEIDER for allegedly testing

19  positive for an illegal substance (Marijuana). MR. JONES explained to SCHNEIDER that the

20  positive test was in fact a "false positive" as MR. JONES had not used or consumed marijuana, but

21  had taken a prescribed drug for nausea (Dronabinol). MR. JONES provided SCHNEIDER with a

22  note from his physician explaining that MR. JONES took a prescribed drug (Dronabinol) for

23  nausea, which was responsible for his positive drug test.

24       52.    Despite this explanation, SCHNEIDER terminated MR. JONES' employment and

25  reported the positive test results on MR. JONES "DAC" report. The DAC report is to truck drivers

26  as the credit report is to the consumer. Thus, when a truck driver applies for a truck driving job the

27  first thing the prospective trucking company will check is the driver's DAC report.

28

53.     MR. JONES is informed, believes, and on such information and belief alleges that he did not receive a fair opportunity to have his DAC report corrected based on actions taken by SCHNEIDER after SCHNEIDER was presented with medical information affirmatively stating that the prescription drug Dronabinol was responsible for the positive marijuana test.  MR. JONES' request for a repeat drug screen was denied.

54.     After his termination, MR. JONES has repeatedly requested SCHNEIDER to correct his DAC report so that he could obtain employment.  SCHNEIDER has refused his many requests and continues to refuse to have his DAC report corrected.  As a result, MR. JONES' efforts to obtain employment have been prevented because of the erroneous DAC report.

55.     MR. JONES is informed and believes, and on such information and belief alleges that SCHNEIDER, itself or through representatives, refuse to correct MR. JONES' DAC report, in an effort to misrepresent MR. JONES, or in an attempt to prevent him from obtaining employment.

56.     The California Labor Code § 1054 entitles an aggrieved party to bring civil suit for treble damages for violation of California Labor Code §§1050 and 1052.  SCHNEIDER'S actions as described herein caused MR. JONES to lose future employment opportunities and related employment benefits, and to suffer mental, emotional and physical distress, incidental monetary damage, damage to reputation, and other damages in an amount according to proof. The result of the aforementioned actions by SCHNEIDER, jointly and severally, did prevent MR. JONES from obtaining employment, entitling him to treble damages.

WHEREFORE, PLAINTIFF prays for judgment as more fully set forth below.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff NORMAN JONES prays judgment to be entered against Defendants, and each of them, and in his favor, as follows:

1.     For compensatory damages including lost wages, lost employee benefits, bonuses, vacation benefits, sick pay, mental and emotional distress, and other special and general damages on all causes of action;

2.     For an award of punitive and exemplary damages in an amount appropriate to punish defendants and to make an example of them to the community;

1      3.      For cost of suit, including reasonable attorneys' fees; and

2      4.      For such other and further relief as the Court may deem just and proper.

3   Dated: November 30, 2012          LAW OFFICE OF H. LARRY ELAM III

4

5                          /s/ *H. Larry Elam*
                         H. Larry Elam III

6

7                          Attorneys for Plaintiff NORMAN JONES

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT FOR MONETARY DAMAGES

1

**JURY DEMAND**

2    Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a

3    jury trial in this action.

4    Dated: November 30, 2012        LAW OFFICE OF H. LARRY ELAM III

5

6                                      /s/ *H. Larry Elam*
                                       H. Larry Elam III

7
                                       Attorneys for Plaintiff NORMAN JONES
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 12 -

# EXHIBIT A

# * * * EMPLOYMENT * * *

| COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT | DFEH # | E201112R5228-00 |
|---|---|---|
| | | DFEH USE ONLY |

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

| YOUR NAME (indicate Mr. or Ms.) | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|
| **NORMAN, JONES** | **(760)488-1548** |

| ADDRESS |
|---|
| **17901 CHESTNUT STREET** |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| **HESPERIA, CA 92345** | **SAN BERNARDINO** | **071** |

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| **SCHNEIDER NATIONAL CARRIERS, INC.** | **(909)574-2113** |

| ADDRESS | DFEH USE ONLY |
|---|---|
| **14392 VALLEY BLVD.** | |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| **FONTANA, CA 92235** | **RIVERSIDE** | **065** |

| NO. OF EMPLOYEES&MEMBERS (if known) | DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month,day, and year) | RESPONDENT CODE | |
|---|---|---|---|
| **50+** | **07/26/2010** | **00** | |

THE PARTICULARS ARE:

I allege that on about or before 07/26/2010 , the following conduct occurred:

- X termination
- laid off
- demotion
- harassment
- genetic characteristics testing
- constructive discharge (forced to quit)
- impermissible non-job-related inquiry
- denial of employment
- denial of promotion
- denial of transfer
- denial of accommodation
- failure to prevent discrimination or retaliation
- X retaliation
- other (specify) _____
- denial of family or medical leave
- denial of pregnancy leave
- denial of equal pay
- denial of right to wear pants
- denial of pregnancy accommodation

by **SCHNEIDER NATIONAL CARRIERS, INC.**

because of :

| Name of Person | | Job Title (supervisor/manager/personnel director/etc.) |
|---|---|---|

- sex
- age
- religion
- X race/color
- national origin/ancestry
- marital status
- sexual orientation
- association
- X disability (physical or mental)
- medical condition (cancer or genetic characteristic
- X other (specify) targeted for participation in investigation
- X retaliation for engaging in protected activity or requesting a protected leave or accommodation

State of what you believe to be the reason(s) for discrimination

ON JULY 18, 2010, I WAS CALLED INTO THE OFFICE AFTER COMPLETING A LOAD ASSIGNMENT, UPON ARRIVING AT THE YARD, AN EMPLOYEE NAMED CRYSTAL STOP ME AND STATED A LAWYER NEEDED TO TALK TO ME ABOUT A LAWSUIT AGAINST SCHNEIDER NATIONAL CARRIERS. AFTER A BRIEF CONVERSATION, CRYSTAL DIRECTED ME TO THE OFFICE TO SPEAK WITH A LAWYER. THE LAWYER THEN ASKED ME IF I WOULD AGREE TO BE DEPOSED. SHE ASK ME QUESTIONS REGARDING WAGES, BREAK PERIODS AND WAGE STATEMENTS. THE LAWYER THEN INFORMED ME THAT I COULD STOP ANSWERING HER QUESTIONS, SIGN A DOCUMENT, AND BE DEPOSED OR OPT OUT. AT THIS POINT I FELT THAT I WAS ENDANGERING MY

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complaint Elected Court Action."

By submitting this complaint I am declaring under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated 07/19/2011

At Walnut Creek

DATE FILED: 07/19/2011

DFEH-300-03e (02/08)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

STATE OF CALIFORNIA

# * * * EMPLOYMENT * * *

| COMPLAINT OF DISCRIMINATION UNDER | DFEH # | E201112R5228-00 |
|---|---|---|
| THE PROVISIONS OF THE CALIFORNIA | | DFEH USE ONLY |
| FAIR EMPLOYMENT AND HOUSING ACT | | |

State of what you
believe to be the
reason(s) for
discrimination

ON JULY 18, 2010, I WAS CALLED INTO THE OFFICE AFTER COMPLETING A LOAD ASSIGNMENT, UPON ARRIVING AT THE YARD, AN EMPLOYEE NAMED CRYSTAL STOP ME AND STATED A LAWYER NEEDED TO TALK TO ME ABOUT A LAWSUIT AGAINST SCHNEIDER NATIONAL CARRIERS. AFTER A BRIEF CONVERSATION, CRYSTAL DIRECTED ME TO THE OFFICE TO SPEAK WITH A LAWYER. THE LAWYER THEN ASKED ME IF I WOULD AGREE TO BE DEPOSED. SHE ASK ME QUESTIONS REGARDING WAGES, BREAK PERIODS AND WAGE STATEMENTS. THE LAWYER THEN INFORMED ME THAT I COULD STOP ANSWERING HER QUESTIONS, SIGN A DOCUMENT, AND BE DEPOSED OR OPT OUT. AT THIS POINT I FELT THAT I WAS ENDANGERING MY EMPLOYMENT WITH SCHNEIDER NATIONAL. BY ME SPEAKING WITH THE LAWYER, SO I CHOSE TO OPT OUT. I LEFT THE OFFICE AND PROCEEDED TO MY CAR, AS MY DUTY ASSIGNMENT WAS COMPLETE. CRYSTAL STOPPED ME AGAIN AND ASKED WHY I DID HAVE MY DEPOSITION TAKEN. I TOLD HER THAT I FELT I WOULD BE FIRED IF I AGREED TO THE DEPOSITION. THEREAFTER, JIM, MY MANAGER, BEGAN TO TAKE ACTIONS AGAINST ME THAT I BELIEVE WAS IN RETALIATION FOR SPEAKING WITH THE LAWYER. I WAS NOT ALLOWED MY 10 HOUR REST PERIOD PER DOT REGULATION. I ALSO WAS NOT GIVEN 56 HOURS OFF DUTY TIME. IN ADDITION, MY OPPORTUNITIES TO WORK DECREASED. WHEN I BECAME ILL, I COULD NOT TAKE TIME OFFER FOR FEAR OF BEING TERMINATED IF I WAS UNAVAILABLE TO TAKE A LOAD. I WAS ONLY ABLE TO SEE A DOCTOR WHEN I WAS ON VACATION. MY DOCTOR PRESCRIBED MEDICATION TO DEAL WITH MY NAUSEA (DRONABINOL). UNBEKNOWNST TO ME DRONABINOL CAUSED ME TO HAVE A FALSE POSITIVE FOR MARIJUANA ON A DRUG TEST. I WAS DRUG TESTED AND THE RESULTS SHOWED A POSITIVE MARIJUANA. I PRESENTED SCHNEIDER NATIONAL WITH A LETTER FROM MY DOCTOR EXPLAINING THE FALSE POSITIVE TEST RESULT. SCHNEIDER NATIONAL REFUSED TO CONSIDER IT. I NEVER WORKED WHILE TAKING THE DRONABINOL. I WAS TERMINATED.



STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY

EDMUND G. BROWN, JR., Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
1055 WEST 7TH STREET, SUITE 1400, LOS ANGELES, CA 90017
(213) 439-6770
www.dfeh.ca.gov

Phyllis W. Cheng, Director

July 19, 2011

NORMAN, JONES
17901 CHESTNUT STREET
HESPERIA, CA 92345

RE: E201112R5228-00
    NORMAN/SCHNEIDER NATIONAL CARRIERS, INC.

Dear NORMAN, JONES:

## NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective July 19, 2011 because an immediate right-to-sue notice was requested. DFEH will take no further action on the complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act, whichever is earlier.

Notice of Case Closure
Page Two

DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

*Tina Walker*

Tina Walker
District Administrator

cc:   Case File

JIM LNU
DRIVER MANAGER
SCHNEIDER NATIONAL CARRIER
14392 VALLEY BLVD.
FONTANA, CA 92235

DFEH-200-43 (08/06)